UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LARRY HOWARD,

        Plaintiff,

                                      Case No. 13-12769
v.                                   Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER OF DISMISSAL**

Plaintiff Larry Howard, a state prisoner at Chippewa Correctional Facility in Kincheloe, Michigan, recently filed a pro se complaint for the writ of mandamus, citing 42 U.S.C. § 1985. The sole defendant is the United States of America. The complaint alleges that, on June 23, 2011, Howard was wrongfully transferred from the St. Louis Correctional Facility in St. Louis, Michigan, to the Chippewa Correctional Facility in Kincheloe, Michigan. According to Howard, maltreatment and neglect followed, and, toward the end of 2011, he was charged with felony assault on a member of the staff at the correctional facility.

The complaint further alleges that, in 2012, the Public Defender's Office, the 50th Circuit Court, and the state police deprived Howard of equal protection of the law. In addition, the Michigan Attorney Grievance Commission allegedly deprived Howard of fair service, the United States Department of Justice denied him appropriate correspondence, and the Judicial Tenure Commission denied him "a very urgent precedence." Howard asserts two resulting claims: (1) the United States conspired to deprive him of his constitutional rights and civil freedom; and (2) his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution

were violated.  Howard seeks $6,400,000 in money damages.

## I

Due to Howard's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action.  When an indigent prisoner's "civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief."  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Conclusory statements will not suffice, and only a complaint that states a claim for relief which is plausible on its face will survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

## II

The pending complaint is frivolous and fails to state a plausible claim for relief for a number of reasons.  First, "[s]overeign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.' " *United States v. Bormes*, 133 S. Ct. 12, 16 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992); *accord United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent."); *F.D.I.C v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  The Government has not consented to be sued here, and "[s]overeign immunity is jurisdictional in nature."  *Meyer*, 510 U.S. at 475.

Second, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  Although federal district courts have jurisdiction to compel an officer or employee of the United States or any of its agencies to perform a duty owed to the plaintiff, 28 U.S.C. § 1361, "[m]andamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (internal quotation marks and citation omitted).

Howard has not shown that he had a clear right to relief, that the United States had a clear duty to act, or that there is no other adequate remedy available to him.  In fact, the Court has found it difficult to discern exactly what Howard's conclusory allegations mean.  Furthermore, most of the events about which he complains appear to involve state employees, and, in his request for relief, he seeks money damages, not mandamus relief.  For all these reasons, Howard has no right to the writ of mandamus.

Third, Howard has not satisfied the elements of a claim under 42 U.S.C. § 1985(3), the only relevant subsection of the statute.[1]  To prevail on his claim he "must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).  Howard must also demonstrate that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  In other words, "[t]o sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010).

"Prisoners are not a 'protected class' for equal protection purposes," *Okoro v. Scibana*, 63 F. App'x 182, 185 (6th Cir. 2003) (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997)), and Howard has not demonstrated that the United States or any of its agencies did anything unconstitutional or were motivated by a racially discriminatory animus.  Accordingly, the complaint fails to state a claim under § 1985(3).  Finally, to the extent Howard is claiming that his constitutional rights were violated by his transfer from one prison to another prison, his claim lacks merit because he "possesses no inherent constitutional right to placement in any particular prison." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).

---

[1]  Section 1985(1) prohibits conspiracies to prevent an officer from performing his or her duties, and section 1985(2) prohibits conspiracies to intimidate a party, witness, or juror or conspiracies to obstruct justice in state courts.  Section 1985(3), on the other hand, addresses conspiracies to deprive a person or class of persons of equal protection of the laws.

-4-

### III

Howard's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint for a writ of mandamus will be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Further, an appeal from this decision would be frivolous and could not be taken in good faith, and accordingly the Court will not grant in forma pauperis status on appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Accordingly, it is **ORDERED** that Howard's petition for a writ of mandamus, ECF No. 1, is **DISMISSED** with prejudice.

Dated: May 28, 2014                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Larry Howard #351897 Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail, on May 28, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>