UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY HOWARD,

       Plaintiff,

                                               Case No. 13-12769
v.                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

       Defendant.
_____/

## ORDER DENYING MOTION TO OBJECT

Plaintiff Larry Howard, a state prisoner at Chippewa Correctional Facility in Kincheloe, Michigan, recently filed a pro se petition for the writ of mandamus, citing 42 U.S.C. § 1985. The sole defendant is the United States of America. Howard's petition alleges that, on June 23, 2011, he was wrongfully transferred from the St. Louis Correctional Facility in St. Louis, Michigan, to the Chippewa Correctional Facility in Kincheloe, Michigan. According to Howard, maltreatment and neglect followed, and, toward the end of 2011, he was charged with felony assault on a member of the staff at the correctional facility. Howard also alleges that in 2012, the Public Defender's Office, the 50th Circuit Court, and the state police deprived him of equal protection of the law.

The Court dismissed Howard's complaint because it was frivolous and failed to state a plausible claim for relief. Specifically, the only named defendant—the United States—enjoys immunity from suit: "[s]overeign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 133 S. Ct. 12, 16 (2012) (citation omitted). The other claims potentially implicated by Howard's petition against other defendants were similarly without merit.

On June 12, 2014, Howard filed a motion to "Object" to the order dismissing his petition. Although the motion is far from clear, it appears Howard believes his petition contains information "to automatically abrogate United States sovereign immunity . . . ." Pl.'s Mot. 1, ECF No. 6. Indeed, according to Howard, there "is no sovereign immunity without sovereign decency," and the government has demonstrated "grossly deliberate indifferent negligence against a minority by a white mitigating majority in defense for racial conspiracy . . . all under the color of law." *Id*. at 3 (ellipsis in original).

But, as emphasized above, "[s]overeign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.' " *Bormes*, 133 S. Ct. at 16; *see also United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent."); *F.D.I.C v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The government has not consented to be sued here, and "[s]overeign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. Howard's objections, as presented in his motion, are without merit and will be denied.

Accordingly, it is **ORDERED** that Howard's motion to object, ECF No. 6, is **DENIED**.

Dated: June 26, 2014              s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Larry Howard #351897 Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail, on June 26, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS